# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Larry P. Raymer,
    Petitioner,

vs.                                    Case No. 1:05cv674
                                            (Beckwith, C.J.; Hogan, M.J.)

Charles E. Samuels, Jr.,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who currently is in federal custody at the United States Penitentiary in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1980 robbery conviction and sentence in a criminal case before the Hamilton County, Ohio, Court of Common Pleas. (*See* Doc. 1). This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 5), which is opposed by petitioner (Doc. 8).

In the motion to dismiss, respondent argues in part that this Court lacks jurisdiction to hear the case, because petitioner fully served the sentence imposed by the Hamilton County Common Pleas Court years before filing the instant petition and, therefore, is not "in custody" under the challenged conviction within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2254. (*See* Doc. 5, Brief, pp. 4-5). Respondent's argument has merit.[1]

---

[1] Respondent also argues that the petition should be dismissed as time-barred under the one-year statute of limitations set forth in 28 U.S.C.A. § 2244(d). (*See* Doc. 5, Brief, pp. 5-7). Because this Court has determined that the petition is subject to dismissal on jurisdictional grounds, the statute of limitations issue need not be addressed.

Respondent has presented evidence conclusively demonstrating that petitioner, who was sentenced by the Hamilton County Common Pleas Court on July 9, 1980 to a term of imprisonment of three (3) to fifteen (15) years for the robbery offense, was released on parole after serving his minimum sentence and obtained a final release from state custody by the Ohio Adult Parole Authority effective August 28, 1986. (*See id.*, Exs. 4, 6).

The federal habeas corpus statute gives the United States district courts jurisdiction to review petitions for habeas corpus relief only from persons "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2254(a) and 2241(c)(3) (emphasis added); *see Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). The Supreme Court has interpreted this statutory language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng,* 490 U.S. at 490-91 (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). In the usual case, the petitioner will not be considered "in custody" under a conviction after the sentence imposed for it has fully expired, even though such conviction may be used at a later time to enhance sentences for subsequent criminal offenses committed by petitioner. *Id.* at 492-93. Only in two circumstances, which are not present here, may a petitioner challenge an expired prior conviction used to enhance a current sentence: (1) when the prior conviction was obtained in a trial proceeding where the court failed to appoint counsel to represent the petitioner in violation of the Sixth Amendment; and (2) when "no channel of review was actually available to a defendant with respect to a prior conviction due to no fault of his own." *Buck v. Wilson,* No. 1:05 CV 2919, 2006 WL 1876537, at *6-7 (N.D. Ohio June 27, 2006) (unpublished) (citing *Steverson v. Summers,* 258 F.3d 520 (6th Cir. 2001), which discussed the two exceptions recognized by the Supreme Court in *Daniels v. United States,* 532 U.S. 374 (2001), and *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394 (2001)).

Another exception to the general rule prohibiting habeas corpus review of convictions after the sentences imposed for them have fully expired has been recognized in cases involving consecutive sentences, which are "viewed in the aggregate" and treated as a "continuous series" rather than "discrete segments." *See Garlotte v. Fordice,* 515 U.S. 39, 40-41, 44-47 (1995) (citing *Peyton v. Rowe,* 391 U.S. 54, 64-65, 67 (1968)). A sentence in a consecutive series that has already been served "persists to postpone [a petitioner's] eligibility for parole." *Id.* at 41. Invalidation of a conviction underlying such a sentence would advance the date of

eligibility for release from, and thereby shorten the term of, incarceration, which implicates the core purpose of habeas corpus review. *Id.* at 47. Therefore, in cases involving consecutive sentences, the petitioner is deemed to be "in custody" under all of the sentences imposed until all such sentences are served, and the federal courts have jurisdiction to consider a challenge to a state conviction underlying a sentence running first in a consecutive series even if that sentence has already been served. *Id.* at 41.

Here, there is no evidence in the record even remotely indicating that this case involves a challenge to the first of a series of consecutive sentences which have yet to be fully served by petitioner. Indeed, in his opposition memorandum, petitioner does not address the jurisdictional "in custody" issue raised by respondent in the motion to dismiss, but rather only argues that the petition is not subject to dismissal on statute of limitations grounds. (*See* Doc. 8).[2]

---

[2]Petitioner has argued in a supporting memorandum attached to the petition that he satisfies the "in custody" requirement despite the expiration of his sentence in 1986, because he suffers the following possible "collateral consequences" from his "wrongful" conviction: the revocation or suspension of his driver's license upon any drug-trafficking conviction and the loss of his rights to serve on a jury, to vote during any period of incarceration, to hold "any public office, employment, or position of trust," or "to obtain[] or maintain[] a professional or occupational license." (*See* Doc. 1, Petitioner's Memorandum In Support Of His Motion Under 28 U.S.C. § 2254, pp. 2-4). Although as petitioner points out, he need not be physically confined to satisfy the "in custody" requirement, the "actual or potential restraint on his liberty must be severe and immediate, such as when [he] is released on parole, probation or bail." *May v. Guckenberger,* No. C-1-00-794, 2001 WL 1842462, at *2 (S.D. Ohio Apr. 26, 2001) (Weber, J.) (unpublished) (citing *Maleng,* 490 U.S. at 491, and *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2nd Cir.) (in turn citing *Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973)), *cert. denied,* 519 U.S. 1041 (1996)). In contrast, "[c]ollateral consequences of a conviction, such as the inability to engage in certain businesses, to vote or to hold public office, are insufficient to satisfy the 'in custody' jurisdictional prerequisite for habeas corpus review." *Id.* (citing *Maleng,* 490 U.S. at 491-92, and *Ward v. Knoblock,* 738 F.2d 134, 138-39 (6th Cir. 1984), *cert. denied,* 469 U.S. 1193 (1985)); *see also Leslie v. Randle,* 296 F.3d 518, 522 (6th Cir. 2002) (holding that sex offender registration requirement for prisoners who have completed their prison sentences does not amount to "custody" within the meaning of § 2254). As the Sixth Circuit stated in *Ward,* petitioner's argument "goes to mootness, and not to what is necessary for federal court jurisdiction under section 2254. The existence of collateral consequences of his conviction may enable a petitioner who has fully served a sentence he wished to challenge to avoid being dismissed on mootness grounds, but it will not suffice to satisfy the 'in custody' jurisdictional prerequisite unless, as in *Carafas* itself, federal jurisdiction has already attached." *Ward,* 738 F.2d at 138-39; *see also Maleng,* 490 U.S. at 491-92.

It, therefore, appears from the present record that petitioner is no longer "in custody" for purposes of collaterally attacking his 1980 robbery conviction and resulting sentence imposed by the Hamilton County Common Pleas Court, from which he obtained "final release and restoration" nearly twenty years ago. Petitioner has not contended that he should be allowed to contest that conviction because it was used to enhance his subsequent federal sentence that he is currently serving at the United States Penitentiary in Manchester, Kentucky. In any event, this argument was expressly rejected by the Supreme Court in *Maleng*, 490 U.S. at 492-93. To the extent the challenged conviction may have served to enhance his current federal sentence, the sentence imposed by the Ohio court in 1980 fully expired over nineteen years before the instant petition was "filed" at the earliest on August 30, 2005, the date petitioner signed the petition before submitting it to prison authorities for mailing to the Court. (*See* Doc. 1, p. 7).

Accordingly, this Court concludes that the petition should be dismissed with prejudice on the ground that it lacks subject matter jurisdiction over the matter. *See Maleng,* 490 U.S. at 490-93. It is, therefore, RECOMMENDED that respondent's motion to dismiss (Doc. 5) be GRANTED, and petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be GRANTED and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice on the ground that the Court lacks subject matter jurisdiction to collaterally review the challenged state conviction and sentence that was fully served before the instant petition was filed.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). Petitioner remains free to request issuance of the certificate from the Court of Appeals. *Id.*

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and, therefore, deny any application by petitioner to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *Id.*


Date:   8/1/2006                          s/Timothy S. Hogan
     cbc                                               Timothy S. Hogan
                                                         United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\05-674mtd-sol.grant.wpd

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Larry P. Raymer,
    Petitioner,

                                       Case No. 1:05cv674
    v.                             (Beckwith, C.J.; Hogan, M.J.)

Charles E. Samuels, Jr.,
    Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:05 cvb74  Doc. 9

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Larry Raymer #05726-028<br>FCI Manchester<br>PO Box 4000<br>Manchester, KY 40962-4000 | D. Is delivery address different from item 1? ☐ Yes   ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 2245 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-0835 |